MICHAEL OSTROSKY, Respondent, v. WILLIAM HEINLE, Impleaded, Appellant.

APPEAL from a judgment of the Municipal Court of the city of New York against the defendant William Heinle individually, after a trial by the court without a jury.

H. S. Sayers, for appellant.

Saul S. Myers, for respondent.

GREENBAUM, J. This is an appeal by the defendant, William Heinle, against whom judgment was rendered in an action for damages for injuries to the plaintiff's horse and wagon, caused by a runaway horse belonging to one of the defendants. The judge dismissed the action as against the defendant Carl Heinle, a brother of William.

The defendant Carl drove the runaway horse, and wagon. Upon the latter was the name of the Fairfax Farm Dairy, which was likewise the name under which the defendant William did business.

The horse being left unhitched and unattended in the street by Carl, while on a milk delivery route, ran away (from what cause is not shown), and dashed into plaintiff's horse and wagon, which were at the time lawfully on the highway, standing next to the sidewalk.

The negligence of the owner of the horse, and the absence of contributory negligence of the owner sufficiently appear to sustain the judgment.

There was a dispute as to the ownership of the horse. Certain admissions of ownership on the part of William were testified to, while William swore that he had never owned the horse, but that Carl had bought him three weeks before the accident. While the testimony as to the ownership is meager it was sufficient, here, to sustain the finding of the justice.

The amount of damages ($130.36) awarded by the justice, however, is not supported by the proof.

Plaintiff's bill of particulars alleges damage in the sum of $273.60, of which $150 for personal injury to the plaintiff, was waived. This leaves the full claim at $123.60. The testimony of the plaintiff, and his witnesses, shows that the damage to the

wagon amounted to fourteen dollars and sixty cents, instead of twenty-nine dollars and sixty cents; to the vegetables, fifteen dollars, instead of twenty dollars. These two items would reduce the plaintiff's claim by twenty dollars. The loss of prospective profits should also have been disallowed. (Ten dollars.) Deducting, therefore, the aggregate of thirty dollars from plaintiff's claim of $123.60, it appears that ninety-three dollars and six cents, would represent the damages sustained by plaintiff, based upon the proofs in the case.

Judgment modified by reducing the damages allowed by the justice to ninety-three dollars and sixty cents, and as modified affirmed, with the costs granted below. No costs on appeal to either party.

FREEDMAN, P. J., and GIEGERICH, J., concur.

Judgment modified and as modified affirmed, with costs granted below.